UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10754-RWZ

DOUGLAS O. NYSTEDT

v.

EARL D. MUNROE, *et al.*

ORDER

November 22, 2010

ZOBEL, D.J.

Plaintiff, Douglas O. Nystedt (hereinafter "Douglas") is the administrator of the estate of Evan T. Nystedt (hereinafter "Evan"), his brother.  Defendant Earl D. Munroe was Evan's lawyer for many years and, in that capacity, attempted to and did defraud Evan by various means before and after his death.  A lawsuit and collateral proceedings in the state court resulted in orders against Munroe for the payment of sums of money.  Plaintiff now sues Munroe and others to recover from Munroe the monies assessed against him, and for damages against Munroe and other defendants for their alleged concerted wrongdoing against Evan and his estate.  He asserts jurisdiction under 28 U.S.C. § 1332,  diversity of citizenship, an assertion several defendants are challenging by motions to dismiss (Munroe - Docket ## 3 and 56, Elizabeth Gonzalez - Docket # 58, Russell Munroe - Docket # 31, George P. Lordan - Docket # 17, and Eugene Nigro and Nigro, Pettepit and Lucas LLC - Docket # 19).

The decedent had lived in Massachusetts, but for a few months before he died

he lived in New Hampshire and he died there.  All moving defendants are residents of Massachusetts, and   the parties agree that for diversity purposes it is the domicile of the decedent that determines this court's subject matter jurisdiction.  Thus, the decisive question is where Evan was domiciled at the time of his death.  The parties have filed meager and conflicting evidence to support their respective positions but since it is plaintiff who has to establish jurisdiction by a preponderance of the evidence, see, e.g., U.S. ex rel. Poteet v. Bahler Medical, Inc., 619 F.3d 104, 109 (1st Cir. 2010), and he has failed to do so, the motions are allowed.  Plaintiff is granted leave to file an amended complaint on or before December 13, 2010.

Defendant Russell Munroe's motion to set aside a notice of default entered against him (Docket # 49) is allowed without opposition.


|    November 22, 2010    | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |