UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10754-RWZ

DOUGLAS O. NYSTEDT,
*Individually and as Administrator of the Estate of Evan T. Nystedt*

v.

EARL D. MUNROE, *et al.*

ORDER
January 26, 2012

ZOBEL, D.J.

Plaintiff, Douglas G. Nystedt, the administrator of the estate of his brother, Evan T. Nystedt ("Evan"), brought this action, the latest in a series of lawsuits against several defendants who allegedly defrauded Evan before and after his death. Defendant Eugene A. Nigro, an attorney, was appointed to serve as special discovery master by the Massachusetts Probate Court in one of the earlier lawsuits, a will contest between plaintiff and defendant Earl Munroe. He and his law firm, Nigro, Pettepit & Lucas, LLP, along with the other defendants, are charged in several counts with racketeering and racketeering conspiracy in violation of 18 U.S.C. §§ 1962 and 1964 as well as civil conspiracy. Because all of the Nigro defendants' alleged misconduct involved Mr. Nigro's activities as a special master, I determined that he was acting in a quasi-judicial capacity and that he and the law firm were therefore immune from liability.

The Nigro defendants have now moved for the entry of judgment pursuant to Rule 54(b) (Docket # 105) which motion plaintiff opposes on the grounds that the

decision is "not sufficiently 'final'" and "the particular circumstance of this case preclude a finding that 'there is no just reason for delay.'" (Docket # 109.)

The allowance of the motion to dismiss is a ruling that fully disposes of all claims asserted against the Nigro defendants. Plaintiff correctly points out that the counts in which the Nigro defendants are charged also name other defendants. However, the continued presence of those defendants in no way affects the finality of the dismissal of Nigro and the law firm.

Lawyers, to maintain their practice, must zealously guard their reputations. The pendency of RICO and conspiracy charges based on a lawyer's professional work raises serious questions about the lawyer's good name. The damage is exacerbated when the accusations arise in the context of the lawyer's work as a master appointed by the court. Any delay in the entry of judgment harms the Nigro defendants and provides no benefit to the other parties or, for that matter to the court and the speedy disposition of the remaining claims.

The motion for the entry of judgment under Fed. R. Civ. P. Rule 54 (b) is ALLOWED.


    January 26, 2012                          /s/Rya W. Zobel
        DATE                                  RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE