UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 10-10754-RWZ


DOUGLAS O. NYSTEDT, JR.,
Individually and as Administrator of the Estate of Evan T. Nystedt

v.

EARL D. MUNROE *et al.*


<u>ORDER</u>

November 26, 2012

ZOBEL, D.J.

Construing his pleadings liberally, plaintiff Douglas O. Nystedt, Jr. ("Douglas")

claims that defendant Earl D. Munroe ("Earl") mismanaged the affairs and plundered

the estate of Douglas' brother, Evan T. Nystedt ("Evan"). He also claims that various

other defendants conspired with Earl in his misdeeds. Several pending motions are ripe

for decision.

**I.      Russell's Motion to Dismiss**

Defendant Russell F. Munroe, Jr. ("Russell") is Earl's father. Douglas claims

Russell conspired with other defendants to facilitate Earl's misdeeds, and so raises two

claims against Russell under 18 U.S.C. 1962(d), which prohibits conspiracy to violate

the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Douglas alleges

three overt acts by Russell to further this conspiracy: executing two mortgages and a

quitclaim deed on a house in which Earl apparently lived for some time (the "Clark Lane property"). Douglas additionally alleges that Russell submitted false application materials in connection with the mortgages.

The complaint is a model of legal murkiness. Nearly its entire length is taken up by conclusory allegations parroting the elements of various offenses, with practically no facts giving context to its claims. Instead, the factual allegations that should have been in the complaint appear in the affidavit of Douglas' counsel attached to his opposition to the motion to dismiss. It appears Douglas' theory is that the two mortgages were fraudulent because Russell told the lending bank in each case that the Clark Lane property was his second home, when in fact Earl lived there. As for the quitclaim deed, Douglas apparently contends Russell executed it so that Earl could sell the house and flee the jurisdiction with the proceeds.

Russell moves to dismiss the entire complaint.[1] But as he is only named in two counts of the twenty-three count complaint, I only consider his arguments as to the two counts against him. On those counts, Russell's argument that Douglas has failed to plausibly allege causation is dispositive. A civil RICO claim requires "proximate cause between defendants' wrongful conduct and plaintiffs' injuries." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006); see also Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258 (1992). Here, Douglas' allegations against Russell are

---

[1] At the time Russell filed his motion, Douglas had sought leave to file a third amended complaint, which the court subsequently granted. I therefore consider Russell's motion as addressing the third amended complaint, which is the currently active complaint in this case.

completely separate from the injuries he alleges. The alleged mortgage fraud and sale

of the Clark Lane property were totally unrelated to Earl's mismanagement and

plundering of Evan's estate. The only connection Douglas puts forward is that Russell's

actions helped Earl obtain value from the Clark Lane property and then escape his

creditors (including Douglas). But even if Russell made it harder for Douglas to collect

compensation from Earl after his injuries, that would not proximately cause Douglas'

injuries. And Douglas' conclusory allegation that Russell "knew or should have known"

about various other acts by Earl, Docket # 131 (third amended complaint) at 6, is not

enough to plausibly show Russell's actions were part of a broader conspiracy to help

Earl succeed in his other misdeeds. The claims against Russell are therefore

dismissed.

## II.     Earl's Motion to Set Aside Default

On July 24, 2012, Douglas moved for entry of default as to Earl when Earl failed

to timely respond to the third amended complaint. The court granted that motion the

next day. Earl now moves to set aside the default on the ground that he had thought

the court's order of November 22, 2010, dismissed the action against him for lack of

service as well as lack of subject matter jurisdiction, and so he had believed Douglas

was still required to serve him.

Earl has failed to show good cause why the default should be set aside. He does

not deny that he was properly served at the beginning of this action. The court's order

of November 22, 2010, deals only with the question of subject matter jurisdiction and

gives no reason to believe the court found Earl had not been properly served. Earl's

asserted justification for his failure to answer the complaint is therefore difficult to credit. Furthermore, Earl gives no reason to believe that he could or would raise any meritorious defense in this action if the default were set aside. His motion is therefore denied.

### III.    Douglas' Motion for Entry of Default

Douglas moves for entry of default against defendant Elizabeth Gonzalez ("Gonzalez"), Earl's wife. The motion is denied because Gonzalez has not been served.

### IV.    Palmer's Request to Withdraw

Russell's attorney, William M. Palmer ("Palmer"), has requested leave to withdraw as counsel. Russell has not opposed the request. It is therefore allowed.

### V.    Conclusion

Russell's motion to dismiss (Docket # 123) is ALLOWED to the extent that the counts against him are dismissed for failure to state a claim. His motion for leave to file a reply brief (Docket # 137) is DENIED as moot.

Earl's motion to set aside his default (Docket # 149) is DENIED, and Douglas' motion for an extension of time to respond to that motion (Docket # 154) is ALLOWED. Douglas' motion for entry of default against Gonzalez (Docket # 156) is DENIED.

Palmer's motion to withdraw (Docket # 151) is ALLOWED.

At this point, the only defendants who have been served and who remain in the case are Earl, Michael M. McArdle, Munroe & McArdle, and George P. Lordan. A status conference will be held on December 19, 2012, at 2:30 p.m.

November 26, 2012                           /s/Rya W. Zobel
DATE                                        RYA W. ZOBEL
                                            UNITED STATES DISTRICT JUDGE